**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION-LANSING**

**IN THE MATTER OF:**

| | |
|---|---|
| Universal Map Enterprises, Inc., | Bankruptcy Case No. 07-06547 |
| | Honorable Scott W. Dales |
| Debtor. | Chapter 7 |
| _____ / | |
| Kelly M. Hagan, Trustee, | |
| Plaintiff, | |
| v. | Adversary Proceeding No. |
| | Honorable Scott W. Dales |
| RMSI, Inc., | |
| Defendant. | |
| _____ / | |

**TRUSTEE'S COMPLAINT TO AVOID PREFERENTIAL TRANSFERS
PURSUANT TO 11 U.S.C. §547(b) AND TO RECOVER THE VALUE OF
THE AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. §550**

Trustee, Kelly M. Hagan, by and through her attorneys, Beadle Smith, P.L.C., states for Trustee's Complaint to Avoid Preferential Transfers Pursuant to 11 U.S.C. §547(b) and for Recovery of the Avoided Transfers pursuant to 11 U.S.C. §550 as follows:

**Jurisdiction and General Allegations**

1.  On September 7, 2007, Universal Map Enterprises, Inc. ("Debtor") filed for relief under Chapter 11 of Title 11, United States Bankruptcy Code ("Petition Date") which was converted to a case under Chapter 7 on June 9, 2008.

2.  Kelly M. Hagan was appointed the Chapter 7 Trustee in the above-captioned bankruptcy proceeding.

3.  RMSI, Inc. ("Defendant") is a Deleware profit corporation having a principal address of 7015 Gateway Blvd, Newark, CA 94560.

4.  National Registered Agents, Inc. is the agent authorized to accept service of process on behalf of Defendant and may be served at 2875 Michelle Dr., Suite 100, Irvine, CA 92606.

5.  This Court has jurisdiction to preside over this proceeding, pursuant to 28 U.S.C. § 1334.

1

6. This Adversary Proceeding is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2)(F).

## COUNT I

### AVOIDANCE OF PAYMENTS AS PREFERENTIAL UNDER 11 U.S.C. § 547

7. Trustee re-alleges the allegations contained in Paragraphs 1 through 6 above as if fully set forth herein.

8. Defendant received the following payments from the Debtor:

| Date Paid | Amount |
| --- | --- |
| August 15, 2007 | $ 15,000.00 |

(collectively referred to as "Payment").

9. The receipt of the Payment by the Defendant was a transfer of an interest of the Debtor's property ("Transfer").

10. Defendant was a creditor of the Debtor at the time of the Transfer.

11. The Transfer made by the Debtor was to or for the benefit of Defendant.

12. The Transfer was for or on account of an antecedent debt owed by the Debtor to Defendant before such Transfer was made.

13. The Transfer was made while the Debtor was insolvent.

14. The Transfer was made within ninety (90) days preceding the Petition Date.

15. The Transfer would allow Defendant to recover more than it would have recovered in a Chapter 7 distribution had the transfer not been made.

**WHEREFORE**, the Trustee, Kelly M. Hagan, respectfully requests that this Honorable Court avoid the Transfer pursuant to 11 U.S.C. § 547(b) and for such other and further relief as this Court deems just and proper.

## COUNT II

### RECOVERY OF THE VALUE OF THE TRANSFER PURSUANT TO 11 U.S.C. §550

16. Trustee re-alleges the allegations contained in Paragraphs 1 through 15 above as if fully set forth herein.

17. Defendant is the initial transferee of the Transfer.

18. The value of the Transfer is $15,000.00.

**WHEREFORE**, the Trustee, Kelly M. Hagan, respectfully requests that this Honorable Court enter a judgment in favor of the Trustee and against the Defendant in the amount of $15,000.00 plus the value of any additional Payments made to Defendant by the Debtor during the 90 days preceding the Petition Date.

Respectfully submitted,

BEADLE SMITH, PLC

/S/ Kevin M. Smith
By: Kevin M. Smith (P48976)
Attorneys for Plaintiff/Trustee
445 South Livernois, Suite 305
Rochester Hills, MI 48307
(248) 650-6094, Ext. 15; (248) 650-6095 (fax)

Dated: 3/12/09    Ksmith@bbssplc.com